UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) ) | No. 3:13-CV-23 (PHILLIPS/GUYTON) |
| V. | ) ) | |
| GEORGE DUNLAP, JUDY DUNLAP, and SHAUN DUNLAP, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Kanika Dembla's Motion to Intervene [Doc. 8]. Ms. Dembla states that she is the sole surviving member of the Dembla family. She asserts that she was catastrophically injured and her family was killed as a result of the automobile collision of July 7, 2012, which is the subject of the Complaint for Declaratory Judgment in this case. Ms. Dembla claims an interest relating to the property that is the subject of this action, and she asserts that disposing of this action will, as a practical matter, impair or impede her ability to protect her interests.

Pursuant to Rule 24, the Court must, on timely motion, permit a person or entity to intervene, where the person or entity "claims an interest relating to property or transaction that is the subjection of the action, and is so situated that disposing of the matter may as a practical

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

In this case, Ms. Dembla's allegations demonstrate that intervention is appropriate under Rule 24, and no party has demonstrated to the Court that it will adequately represent Ms. Dembla's interests. Further, the Court finds that the motion is timely given the early stage of this litigation. Moreover, no party has responded in opposition to the Motion to Intervene, and the time for doing so has expired. See E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E). The Court may treat the lack of opposition during the time allowed under the rule as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012).

Accordingly, the Court finds good cause for allowing Ms. Dembla to intervene in this action. The Court finds that the Motion to Intervene **[Doc. 8]** is well-taken, and it is **GRANTED**. Ms. Dembla **SHALL FILE** her Answer to the Complaint for Declaratory Judgment on or before **May 16, 2013**.

**IT IS SO ORDERED**.

        ENTER:

        /s H. Bruce Guyton
        United States Magistrate Judge