UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:13-CV-23-HBG ) |
| GEORGE DUNLAP, JUDY DUNLAP, and SHAUN DUNLAP, | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 14].

**I.     BACKGROUND**

State Farm Mutual Automobile Insurance Company, ("State Farm"), is a mutual automobile insurance company with headquarters and principal place of business in Bloomington, Illinois, but is qualified to, and doing business in the State of Tennessee. Defendants George Dunlap and Judy Dunlap are husband and wife, and Defendant Shaun Dunlap is their son. All three Defendants reside together in the same house and are citizens of Blount County, Tennessee.

State Farm issued a policy of automobile liability insurance to named insured George Dunlap of Maryville, Tennessee, Policy No. A51273642J for a term of six months beginning

January 25, 2012 insuring a 2008 Ford F-150 pickup truck, ("the Policy"). The Policy had applicable liability limits of $50,000 per person, $100,000 per accident and $25,000 for property damage. The policy included various other coverages – specifically, $5,000 worth of medical payments coverage.

The first week in July 2012 Amanda Robertson asked her friend Shaun Dunlap to house sit a residence located in Maryville, Blount County, Tennessee, ("the Residence"), including feeding and taking care of two dogs at the residence, while Amanda Robertson and a friend went to a Robertson family vacation on San Padre Island, Texas. The Residence was actually owned by Jerry Dale Robertson ("Mr. Robertson") and Sherry Ann Robertson ("Mrs. Robertson"), Amanda Robertson's parents. Mr. and Mrs. Robertson were temporarily residing in Texas and had left Amanda in charge of the property.

Shaun Dunlap had known Amanda Robertson for several years. Shaun Dunlap lived with the Roberts for a period during 2007, and he had house sat the residence on numerous previous occasions. Shaun Dunlap was never granted permission by Amanda Robertson or by her parents to operate any motor vehicles owned by members of the Robertson family. Moreover, Shaun Dunlap had never driven any motor vehicle owned by a member of the Robertson family.

Shaun Dunlap drove his 2006 Pontiac Grand Prix automobile to the Residence to begin his house sitting assignment. Shaun Dunlap's Pontiac automobile had formerly been insured by State Farm, but the State Farm coverage on the Pontiac had been cancelled for non-payment of premiums on January 19, 2012.

At approximately 1:21 p.m. on July 3, 2012, Shaun Dunlap texted Amanda Robertson, saying: "[By the way] if your car needs gas I'm happy to go fill it up[, laugh out loud]." [Doc. 19-1 at 5]. There is no dispute that this text message is a reference to the 2012 Cadillac CTS

automobile Amanda left at the Residence. Amanda responded shortly thereafter by saying "Haha[]. It's full. Thanks. :) ." [Id.]. Dunlap responded, "Ok. Just trying to be helpful." [Id.]. Both Amanda and Shaun have testified that the exchange and the suggestion that Shaun use the automobile was a joke. [Doc. 19-1 at 2; Doc. 41-1 at 18].

At approximately 3:00 a.m. on Saturday, July 7, 2012, Shaun Dunlap received a call from a friend who was in need of a ride home. Shaun Dunlap states that he attempted to leave the Residence in his Pontiac automobile, but he was having trouble with the transmission of that vehicle and was unable to get it into reverse. with the keys on the kitchen counter. Keys to a 2011 Ford Ranger pickup truck, ("the Truck"), owned by Amanda's parents, were in a kitchen cabinet. Shaun Dunlap drove the Truck and left the Residence to pick up his friend.

At approximately 6:30 a.m. on Saturday, July 7, 2012 Shaun Dunlap was operating the Truck (with no one else in the vehicle) proceeding generally south on Highway 321, also known as Wears Valley Road, in Sevier County, Tennessee. Mr. Dunlap apparently fell asleep, crossed the center line, and struck a 2011 Honda Civic automobile owned and operated by Ashish Dembla. There were three other occupants of the Dembla vehicle, Kanika Dembla, Sat Pal Dembla, and Anjali Dembla. Ashish Dembla and his parents Sat Pal Dembla and Anjali Dembla were killed in the accident and Kanika Dembla seriously injured.

In relevant part, the Policy provided:

**LIABILTY COVERAGE**

…

    **Insured** means:
1.    **you** and **resident relatives** for:

…

        b. the maintenance or use of:
        (1) a **non-owned car**; or

3

>           (2) a **temporary substitute car**;
>     …
>
>     4.    any other person or organization vicariously liable for the use of a vehicle by an insured as defined in items 1., 2., or 3. above….

[Doc. 20-1 at 5-6]. The definitions section of the Policy states:

> **Non-Owned Car** means a **car** that is in the lawful possession of **you** or any **resident relative** …"
>
> **Temporary Substitute Car** means a **car** that is in the lawful possession of the **person** operating it and that:
>
>> 1. replaces **your car** for a short time while **your car** is out of use due to it:
>>     a. breakdown;
>>     b. repair;
>>     c. servicing;
>>     d. damage; or
>>     e. theft; and
>>
>> 2. neither **you** nor the **person** operating it own or have registered. If a **car** qualifies as both a **non-owned car** and a **temporary substitute car**, then it is considered a **temporary substitute car** only.

[Id. at 4-5]

At no time prior to the events of July 7, 2012 had Shaun Dunlap ever driven any vehicles owned by the Robertsons. Shaun Dunlap had never requested permission to operate any vehicles owned by members of the Robertson family, and in particular, he had never requested permission to operate a vehicle owned by Mr. Robertson. Conversely, Mr. Robertson never told Shaun Dunlap that he could not operate the Truck or any other vehicle.

Finally, the motor-vehicle registration tags for the Truck had expired prior to July 7, 2011.

4

## II.   POSITIONS OF THE PARTIES

State Farm moves the Court to enter judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. It maintains that Shaun Dunlap was not in lawful possession of the Truck at the time of the accident, and as a result, the Policy does not afford coverage for any injuries or damages sustained in the accident. State Farm argues that the Court must afford the terms used in the Policy their plain and ordinary meaning. Specifically, State Farm maintains that the term "lawful" must be given its plain and ordinary meaning. State Farm argues that Shaun Dunlap's use of the Truck was not lawful, because during his possession of the Truck, Shaun Dunlap committed the tort of conversion, committed the tort of trespass to chattels, violated Tennessee Code Annotated § 39-14-106 (unauthorized use of vehicles), and violated Tennessee Code Annotated § 55-4-101(a) (expired motor-vehicle registration).

Intervening Defendant Kanika Dembla responds in opposition to the request for summary judgment and maintains that Shaun Dunlap was in lawful possession of the Truck at the time of the accident. Dembla agrees that the sole issue presented in this case is whether Shaun Dunlap was in lawful possession of the Truck at the time of the accident, but Dembla maintains that there is a genuine issue of material fact and law, because the Robertsons did not tell Shaun Dunlap that he could not use the truck and because Dunlap felt he had implicit permission to use the Truck. Dembla contends that the expired registration does not render Dunlap's possession unlawful because neither Mr. or Ms. Robertson or Dunlap knew at the time of the accident that the tags were expired.

Defendant Shaun Dunlap has adopted the position of Intervening Defendant Kanika Dembla.

In its reply, State Farm argues that the single post-accident conversation between Shaun Dunlap and Mr. Robertson conveyed Mr. Robertson's unequivocal condemnation of Dunlap's unauthorized use of the Truck and Dunlap's remorseful acknowledgement that he should not have taken the truck. State Farm maintains that text messages exchanged between Amanda Robertson and Shaun Dunlap discussing Dunlap using Amanda's automobile, which both treated as a "joke," are instructive. State Farm argues that Shaun Dunlap was not authorized to use Amanda's car and was certainly not authorized to use the Truck, which was owned by Mr. Robertson.

## III. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n. 2 (1986); Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Burchett v. Kiefer, 301 F.3d 937, 942 (6th Cir.2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." Curtis v. Universal Match Corp., 778 F. Supp. 1421, 1423 (E.D.Tenn.1991) (citing Celotex, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The genuine issue must also

be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of fact. Anderson, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. Id. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

## IV. ANALYSIS

The Policy would cover the accident at issue, if the Truck were either a "non-owned car" or a "temporary substitute car." For the Truck to qualify as either a "non-owned car" or a "temporary substitute car," Shaun Dunlap was required to be in lawful possession of the automobile. The undisputed facts of this case demonstrate that Dunlap was not in lawful possession of the automobile.

As an initial matter, the Court finds that the lawfulness of Shaun Dunlap's possession is determined by applying the applicable common laws and statutes to the undisputed facts of this case. The Court finds that an adjudication of the violation of the various statutes and common law is not required to find that Dunlap's possession was unlawful for purposes of the Policy. See State Farm Mutual Auto. Ins. Co. v. Wilson, 26 Fed. App'x 490 (6th Cir. 2002).

7

For the reasons discussed herein, the Court finds that there is no genuine dispute as to any material fact in this case, and the Court finds that State Farm is entitled to declaratory judgment in its favor as a matter of law.

**A.     Shaun Dunlap's Possession of the Truck was Not Lawful because It Constituted the Tort of Conversion**

"The elements of a conversion claim include: (1) an appropriation of another's tangible property to one's use and benefit; (2) an intentional exercise of dominion over the chattel alleged to have been converted; and (3) defiance of the true owner's rights to the chattel." White v. Empire Exp., Inc., 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012) (citing River Park Hosp., Inc. v. BlueCross BlueShield of Tenn., Inc., 173 S.W.3d 43, 60 (Tenn. Ct. App. 2002)). "A wrongful intent on the part of the defendant is not an element of conversion and, therefore, need not be proved." Id. (citing PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp., No. W2011–00325–COA–R3–CV, 2012 WL 1572130, at *22 (Tenn. Ct. App. May 4, 2012)).

In this case, there is no dispute that Shaun Dunlap appropriated Mr. Robertson's tangible property, *i.e.* the Truck, to the use and benefit of Dunlap. Additionally, there is no dispute that the appropriation was intentional in that Dunlap intentionally took the Truck, without asking permission, to run a personal errand. Thus, the Court finds that the first element and second element of the tort of conversion are fulfilled

With regard to the third element – defiance of the true owner's rights – the Court finds that Shaun Dunlap possessed the Truck in defiance of the rights of the true owner, Mr. Robertson. Specifically, the possession defied Mr. Robertson's right to possession of the property, by taking the truck without ever receiving permission to do so. Moreover, Dunlap defied the true owner's rights by taking the truck despite Amanda Robertson's earlier indication,

via text message, that Dunlap driving the automobiles at the home was not within the scope of his permission. [See Doc. 19-2 at 5]. Thus, the Court finds that the third and final element of the tort of conversion is fulfilled.

In so finding, the Court has considered the case law cited by the parties. In particular, the Court has considered State Farm Automobile Ins. Co. v. Hafley, 1991 S.W. 46696, No. 1388 (Tenn. Ct. App. Apr. 8, 1991). The Court finds that Hafley is distinguishable from the instant case on several key points. First, in Hadley, the owner of the automobile had given the house sitter permission to drive his automobile at least three prior times. Id. at *3. In the instant case, there is no allegation that Mr. Robertson ever gave Shaun Dunlap permission to drive the Truck. Second, in Hadley, the Court of Appeals found that there was no testimony that the owner of the automobile had ever expressly forbidden the house sitter from using the automobiles. In the instant case, the Robertsons did not strictly forbid the use, [see Doc. 41-3 at 9], but Amanda Robertson clearly rebuffed Dunlap's indication that he would like to drive one of the Robertsons' other automobiles, [see Doc. 19-2 at 5]. Further, the court in Hadley found that the house sitter was entrusted to protecting the entire premises and the vehicles. In the instant case, there is no indication that Dunlap was charged with protecting the vehicles, and to the contrary, the testimony before the Court is that he was hired to tend to the Robertson pets. [See Doc. 31-2 at 3; Doc. 41-3 at 40].

In addition to the Hafley case being factually incongruent from the instant case, the Court finds that the Hafley case is not legally persuasive. The Court finds that if the holding in Hafley were extended beyond its particular factual scenario, it would yield illogical results. For example, a person left to occupy a home while caring for household pets could, absent explicit instructions to the contrary, use a firearm, or even a checkbook, present in the home as the

9

person pleased.  The Court finds the Defendant and Intervening Defendant's related position that Mr. Robertson was required to explicitly state each and every exclusion attendant to Dunlap's house sitting position is unpersuasive.  It appears the Court is not alone in its perception that Hafley has little persuasive effect.  The Defendants have failed to cite the Court to any case adopting the holding in Hafley, and the Court's own search has not yielded any cases adopting the holding in Hafley.

Accordingly, even viewing the facts in the light most favorable to the non-moving parties, the Court finds that Shaun Dunlap committed the tort of conversion through his possession of the Truck.  The Court finds that there is no genuine dispute as to any material fact with regard to Dunlap's conversion, and the Court finds as a matter of law that Dunlap was not in lawful possession of the Truck.  Because Dunlap was not lawfully in possession of the Truck, there is no basis for finding overage under either the "non-owned car" or "temporary substitute car" provisions of the Policy.

**B**.     **Shaun Dunlap's Possession of the Truck was Not Lawful because It Constituted the Tort of Trespass to Chattel**

A trespass to chattel or personal property occurs where there is an intentional use or interference with personal property that is in the possession of another without justification.  See Restatement (Second) of Torts § 217; 75 Am. Jur. Trespass § 11 (2014).[1]

Because the tort of trespass to chattel is so similar to the tort of conversion, the Court incorporates its findings above, *see supra* at § IV-A.  The Court finds that Shaun Dunlap intentionally used the Truck in interference with Mr. Robertson's rights as its owner.  The Court finds that, because Mr. Robertson did not cede his possession of the truck to Dunlap, as part of

---

[1] Tennessee common law recognizes the tort of trespass to chattel.  See AmSouth Bank v. Trailer Source, Inc., 206 S.W.3d 425, 430 (Tenn. Ct. App. 2006).  However, Tennessee courts have not discussed the elements of the tort at any length, and thus, the Court relies upon the treatises cited herein.

10

the scope of Dunlap's duties as a house sitter, the interference was an interference with personal property in the possession of Mr. Robertson. The Court has not been cited to any exigent circumstances or other justification for the interference, and the Court finds there are no allegations or evidence of justification for the interference.

Accordingly, even viewing the facts in the light most favorable to the non-moving parties, the Court finds that Shaun Dunlap committed the tort of trespass to chattel through his possession of the Truck. The Court finds that there is no genuine dispute as to any material fact with regard to Dunlap's trespass, and the Court finds as a matter of law that Dunlap was not in lawful possession of the Truck. Because Dunlap was not lawfully in possession of the Truck, there is no basis for finding overage under either the "non-owned car" or "temporary substitute car" provisions of the Policy.

**C.     Shaun Dunlap's Possession of the Truck was Not Lawful because It Violated Tennessee Code Annotated § 39-14-106**

Tennessee Code Annotated § 39-14-106 provides, "A person commits a Class A misdemeanor who takes another's automobile, airplane, motorcycle, bicycle, boat or other vehicle without the consent of the owner and the person does not have the intent to deprive the owner thereof."

The Court finds that Shaun Dunlap's use of the Truck was a violation of § 39-14-106. There is no dispute that Dunlap took an automobile belonging to another – in this case, Mr. Robertson. The Court finds that Dunlap did so without the consent of Mr. Robertson. The Court finds that there is no evidence that Dunlap intended to permanently deprive Mr. Robertson of the vehicle, and his intent fulfills the requirements of § 39-14-106. The Court finds that the elements of § 39-14-106 have been fulfilled.

Accordingly, even viewing the facts in the light most favorable to the non-moving parties, the Court finds that Shaun Dunlap's possession of the Truck constituted a violation of § 39-14-106. The Court finds that there is no genuine dispute as to any material fact with regard to Dunlap's violation, and the Court finds as a matter of law that Dunlap was not in lawful possession of the Truck. Because Dunlap was not lawfully in possession of the Truck, there is no basis for finding overage under either the "non-owned car" or "temporary substitute car" provisions of the Policy.

**D.   Shaun Dunlap's Possession of the Truck was Not Lawful because It Violated Tennessee Code Annotated § 55-4-101**

Tennessee Code Annotated § 55-4-101 requires that motor vehicles operated in this state be registered and that the registration be valid. The violation of § 55-4-101 is not dependent on a specific *mens rea* or intent.

When Shaun Dunlap drove the Truck on July 7, 2012, the registration of the vehicle had expired. There is no dispute on this point, nor is there any allegation or evidence to the contrary. Defendants allege that Dunlap did not know that the registration was expired, but as stated above, there is no *mens rea* element found in § 55-4-101 and Defendants have not cited the Court to any case law that would support reading a *mens rea* element into the statute.

Accordingly, even viewing the facts in the light most favorable to the non-moving parties, the Court finds that Shaun Dunlap's possession of the Truck constituted a violation of § 55-4-101, because the Truck was did not have a valid registration. The Court finds that there is no genuine dispute as to any material fact with regard to Dunlap's violation, and the Court finds as a matter of law that Dunlap was not in lawful possession of the Truck. Because Dunlap was not lawfully in possession of the Truck, there is no basis for finding overage under either the "non-owned car" or "temporary substitute car" provisions of the Policy.

12

## V. CONCLUSION

For all the reasons stated above, the Court finds that State Farm has established that no genuine issues of material fact exist with regard to this coverage issue, and the Court finds that State Farm is entitled to judgment as a matter of law. Accordingly, the Motion for Summary Judgment **[Doc. 18]** is **GRANTED**.

The Clerk of Court **SHALL ENTER** judgment in favor of State Farm finding that there is no coverage available to Shaun Dunlap under State Farm Policy Policy No. A51273642J for the accident that occurred on July 7, 2012. Thereafter, the Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge

13

Case 3:13-cv-00023-HBG   Document 47   Filed 07/03/14   Page 13 of 13   PageID #: 421